1  MARTIN L. FINEMAN (SBN No. 104413)
       martinfineman@dwt.com
2  SAM N. DAWOOD (SBN No. 178862)
       samdawood@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
4  San Francisco, California 94111-6533
   Telephone: (415) 276-6500
5  Facsimile:  (415) 276-6599
6
   Attorneys for Defendants
7  T-MOBILE USA, INC. and
   T-MOBILE RESOURCES CORPORATION
8

**E-filing**

*ORIGINAL FILED*
*DEC 2 1 2007*
*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*
*OAKLAND*
*D.R*

                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   JAMES S. MADOW,                   )  Case No. **C07-06442** CW
12                                    )
               Plaintiff,            )
13                                    )  **DEFENDANTS' NOTICE OF**
        vs.                          )  **REMOVAL OF ACTION UNDER 28**
14                                    )  **U.S.C. § 1441(B) (DIVERSITY);**
   T-MOBILE USA, INC., T-MOBILE      )  **DECLARATION OF SAM**
15 RESOURCES CORPORATION, INC.       )  **DAWOOD**
   and DOES 1 through 50, inclusive, )
16                                    )
17             Defendants.           )
                                     )
18

19         **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

20 **THE NORTHERN DISTRICT OF CALIFORNIA:**

21         **PLEASE TAKE NOTICE** that Defendants T-Mobile USA, Inc. and T-

22 Mobile Resources Corporation, Inc. (collectively "Defendants") hereby remove this

23 California Superior Court, Contra Costa County action to this Court pursuant to 28

24 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are as follows:

25                 **FILING AND SERVICE OF COMPLAINT**

26         1.    *The Complaint.*  On December 6, 2007, plaintiff James S. Madow filed

27 the above-entitled action, Civil Case No. C07-02694, in California Superior Court,

28

Contra Costa County.  Plaintiff named T-Mobile USA, Inc. and T-Mobile Resources Corporation, Inc. as the named defendants and listed unnamed defendants as "Does 1 to 50".

2.    ***Service of Complaint.***  On or about December 7, 2007, plaintiff personally served T-Mobile USA and T-Mobile Resources Corporation with copies of the Complaint, Summons, and Alternative Dispute Resolution Service Information Packet issued by the California Superior Court, Contra Costa County.  Copies of these documents are attached as Exhibit A to the Declaration of Sam Dawood ("Dawood Decl.").

3.    ***Attachment of Copies of Pleadings.***  As required by 28 U.S.C. § 1446(a), T-Mobile USA and T-Mobile Resources Corporation have included in Exhibit A to the Dawood Decl. a copy of all process, pleadings, and orders arising from plaintiff's Complaint and served to date on Defendants.

## JURISDICTION AND VENUE

4.    ***Basis for Federal Jurisdiction.***  This Court has original jurisdiction over the above-entitled action pursuant to 28 U.S.C. § 1332(a).  As set forth in detail below, Defendants are entitled to remove this action pursuant to 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California; (ii) this action is between citizens of different states; (iii) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (iv) all defendants who have been served join in and consent to this Notice of Removal.

5.    ***Venue.***  Venue lies in the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a), and Civil L.R. 3.2(d), because plaintiff filed the Complaint in the Contra Costa County Superior Court, which is within this District.

**CITIZENSHIP OF PARTIES**

6. ***Plaintiff's Citizenship.*** According to the allegations in the Complaint, and on information and belief, at the time that this action was commenced and at all times through the present, plaintiff was and remains a citizen of Contra Costa County in the State of California. (Complaint at ¶ 1.)

7. ***Citizenship of T-Mobile USA.*** Defendant T-Mobile USA is a citizen of Delaware, where it is incorporated, and of Washington, where it has its principal place of business. *See* Declaration of Martin Vernon in Support of Removal ("Vernon Decl."), filed concurrently, ¶ 4. T-Mobile USA was a citizen of Delaware and Washington at the time this action was commenced and has remained a citizen of those states at all times through the present.

8. ***Citizenship of T-Mobile Resources.*** Defendant T-Mobile Resources USA is a citizen of Delaware, where it is incorporated, and of Washington, where it has its principal place of business. *See* Vernon Decl., ¶ 5. T-Mobile Resources was a citizen of Delaware and Washington at the time this action was commenced and has remained a citizen of those states at all times through the present.

9. ***Existence of Complete Diversity.*** For the reasons described in the preceding paragraphs, complete diversity exists between plaintiff and defendants.

**AMOUNT IN CONTROVERSY**

10. ***Damages.*** The amount in controversy exceeds the sum or value of $75,000, excluding interest and costs. Plaintiff's objective in this lawsuit is to have the City of Richmond's Planning Commission revoke a building permit which has allowed T-Mobile USA's subsidiary Omnipoint Communications to install and operate wireless antennae and related equipment (the "wireless base station") on the roof of an apartment building located at 260 Water Street in Richmond, California (the "property"). Vernon Decl., ¶ 8. Omnipoint Communications entered into a five-year lease agreement with the property's owners to install and operate the wireless base station. *Id.* at 6. Defendants have a substantial economic interest in ensuring

1  the building permit is not revoked so that they may continue to operate the wireless

2  base station on the property. *Id.* at 9. Over four years remain on the lease agreement

3  that allows them to operate on the property. *Id.* The net present value of that lease as

4  of December 16, 2007 well exceeds $75,000. *Id.* The demolition costs for removing

5  the wireless base station from the property, which would be required if the building

6  permit is revoked, would be approximately $30,000. *Id.* To replace the wireless

7  coverage lost by this site could cost anywhere from $80,000 to several hundred

8  thousand dollars, depending on the location, number and type of replacement sites

9  available. *Id. See generally City of Moore v. Atchison, Topeka & Santa Fe Ry. Co.*,

10  699 F.2d 507 (10th Cir. 1983)(to determine the amount in controversy, the Court

11  looks to the pecuniary effect a judgment will have on either party to the lawsuit).

12      11.    Additionally, plaintiff alleges in his Complaint he "has suffered and will

13  continue to suffer **substantial** damages according to proof, including the loss in the

14  value of his residential property and . . . adverse health consequences" from

15  Defendants' alleged intentional and negligent misrepresentations related to their

16  installation and operation of the wireless base project on the property. Complaint, ¶¶

17  12, 16, and 19 (emphasis added). Plaintiff further alleges that "defendants' actions

18  and conduct were fraudulent, malicious and oppressive" and seeks punitive damages.

19  Complaint, ¶¶ 13 and 20.

## PROCEDURAL MATTERS

20

21      12.    ***Summary of Right to Removal.*** For the reasons stated above, this

22  action may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1332(a)

23  and 1441(b).

24      13.    ***Timeliness of Filing.*** Pursuant to 28 U.S.C. § 1446(b), this Notice of

25  Removal is being filed with this Court within thirty days after the December 7, 2007

26  service of the Complaint and Summons on Defendants.

27      14.    ***Notice of Filing Notice of Removal.*** Upon filing of this Notice of

28  Removal, Defendants shall furnish prompt written notice to plaintiff and shall file

1    and serve a copy of this Notice with the clerk of the Contra Costa County Superior

2    Court.

3        15.    ***Compliance with Rule 11.***  This Notice of Removal is hereby being

4    signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

6    Dated: December 21, 2007

                              DAVIS WRIGHT TREMAINE LLP

                              By:_____

                                     Martin L. Fineman
                                     Sam N. Dawood

                              Attorneys for Defendants
                              T-MOBILE USA, INC. and
                              T-MOBILE RESOURCES CORPORATION

## DECLARATION OF SAM DAWOOD IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, Sam Dawood, declare as follows:

1.      I am an attorney with Davis Wright Tremaine LLP, counsel of record for Defendants T-Mobile USA, Inc. and T-Mobile Resources Corporation in this action, and am licensed to practice law before all courts in California.  I have personal knowledge of the matters stated in this declaration and could competently testify to them if called as a witness.

2.      Attached hereto as Exhibit A are true and correct copies of the Complaint, Summons, and Alternative Dispute Resolution Service Information Packet issued by the Contra Costa County Superior Court served on Defendants on or about December 7, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 21st day of December, 2007, at San Francisco, California.

By: _Sam N. Dawood_

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

T-Mobile USA, Inc., T-Mobile Resources Corporation, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

James S. Madow



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

2007 DEC -6 P 12: 09

K. TORRE, CLERK OF THE ELECTOR COURT
COUNTY OF CONTRA COSTA CALIF.

By
DEPUTY CLERK

COPY

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Contra Costa Superior Court<br>725 Court St.<br>Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>**C 07 -02694** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James S. Madow, 112 Washington Ave., Ste. 200, Pt. Richmond, CA 94801, (510) 215-2525

| DATE:<br>*(Fecha)* **DEC 6 - 2007** | Clerk, by _____, Deputy |
|---|---|
| | *(Secretario)* *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*:

   under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☑ by personal delivery on *(date)*: 12/7/07

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  JAMES S. MADOW, ESQ. (State Bar No. 109481)
   112 Washington Avenue, Suite 200
2  Point Richmond, CA 94801
   Telephone:  (510) 215-2525
3  Facsimile:  (510) 215-2521

4  Plaintiff In Pro Per

5

6

7

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9      COUNTY OF CONTRA COSTA - UNLIMITED JURISDICTION

10 JAMES S. MADOW,                    Case No.

11            Plaintiff,             COMPLAINT FOR DAMAGES FOR
                                     INTENTIONAL AND NEGLIGENT
12 v.                                MISREPRESENTATION AND CIVIL
                                     CONSPIRACY TO DEFRAUD AGAINST
13 T-MOBILE USA, INC., T-MOBILE      DEFENDANTS T-MOBILE USA, INC.
   RESOURCES CORPORATION, and DOES   AND T-MOBILE RESOURCES CORP.
14 1 through 50, inclusive,

15            Defendants.
                                    /
16
                                    PER LOCAL RULE 5 THIS
17                                  CASE IS ASSIGNED TO
                                    DEPT _____
18
       Plaintiff alleges:
19
       1.  Plaintiff is a resident of Contra Costa County and the
20
   owner of real property and improvements commonly known as 403
21
   Golden Gate Avenue, Point Richmond, California, where plaintiff
22
   resides.
23
       2.  On information and belief, Defendants T-MOBILE USA, INC.
24
   and T-MOBILE RESOURCES CORPORATION are corporations organized under
25
   and existing by virtue of the laws of the State of Delaware and
26
   operate a cell telephone business, including the installation and
27
   operation of cell telephone antennae.

28 **COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.**          c:\antenna\comp

                                 1

1      3.  On information and belief, one or both of the named

2  defendants entered into an agreement with the owners of real

3  property and improvements commonly known as 260 Water Street, Point

4  Richmond, California (the "Water Street Property") for the

5  installation and operation of cell telephone antennae and related

6  equipment at said property.  The Water Street Property is located

7  less than one block from plaintiff's residence.

8      4.  The defendants sued herein as DOES 1 through 50,

9  inclusive, are sued by fictitious names pursuant to CCP §474.

10  Plaintiff will seek leave to amend this complaint when the true

11  names and identities of such DOE defendants have been fully

12  ascertained together with further appropriate charging allegations.

13  On information and belief, each of the fictitiously-named

14  defendants is responsible in some manner for the events,

15  transactions and damages hereinafter alleged.  On information and

16  belief, one or more of the DOE defendants either own the Water

17  Street Property or hold an interest in said property or are the

18  employee or agent of one or both of the named defendants or are the

19  contractor or subcontractor or the employee or agent of the

20  contractor or subcontractor of one or both of the named defendants.

21  Plaintiff intends to name and join one or more of said DOE

22  defendants after conducting discovery herein to ascertain legal

23  responsibility.

24      5.  On information and belief, in doing the things and causing

25  the damages hereinafter alleged, each of the defendants was acting

26  on his, her or its own individual behalf and/or was acting as the

27

28  **COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.**      c:\antenna\comp

1   agent, partner, servant and/or employee of each of the remaining
2   defendants and was acting within the scope of such agency,
3   partnership, service and/or employment.
4
5                        **FIRST CAUSE OF ACTION**
                         **(Intentional Misrepresentation)**
6
7       6. Plaintiff hereby realleges and incorporates by reference as
8   though fully set forth herein each of the allegations contained in
9   Paragraphs 1 through 5 above.
10      7.  On or about October of 2006, the City of Richmond issued
11  Building Permit No. BP22014999 (the "Permit") authorizing the
12  installation of six cell phone antennae in a tower to be located on
13  the roof of the Water Street Property (hereafter, the "Project").
14  On information and belief, the Permit was issued at the request of
15  the Delta Engineering Groups, which on information and belief is
16  either a contractor or a subcontractor of one or both of the named
17  defendants.  The Permit was issued "over the counter" and without
18  notice to adjoining property owners, including plaintiff.  While it
19  remains unclear precisely what representations were made by or on
20  behalf of the named defendants and/or the owners of the Water
21  Street Property concerning the Project to cause the City of
22  Richmond to issue the Permit without notice or hearing, plaintiff
23  is informed and believes that the Project was misrepresented to the
24  City of Richmond as the as-built Project deviates from the
25  construction plans submitted to the City of Richmond in connection
26  with the application for the Permit.  Thereafter, in or about May
27
28  **COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.**          c:\antenna\comp

                                   3

1  of 2007, plaintiff is informed and believes that certain adjoining
2  property owners discovered the Project. On information and belief,
3  one or more of the named defendants and/or one or more of the DOE
4  defendants misrepresented to owners of property located in the
5  general vicinity of the Water Street Property both the nature and
6  scope of the Project in response to requests for information about
7  the Project.    Several of said property owners formed an
8  unincorporated association known as Richmond Residents for
9  Responsible Antenna Placement and Planning (hereafter, "RAP") and,
10 in August of 2007, RAP and several individuals filed Contra Costa
11 Superior Court Case No. N07-1404, a Petition for Writ of Mandate
12 against the City of Richmond, claiming that the Permit was issued
13 in violation of the Due Process rights of neighboring property
14 owners and in violation of the California Environmental Quality Act
15 ("CEQA").

16     8.  At a meeting of the Richmond City Council held November 6,
17 2007, starkly different descriptions of the Project were presented
18 on behalf of the named defendants and on behalf of RAP.    On
19 information and belief, Rod De La Rosa, speaking on behalf of one
20 or both of the named defendants, misrepresented the Project in his
21 presentation to the City Council.    At the conclusion of the
22 presentations, the City Council determined that if the named
23 defendants, the owners of the Water Street Property, and RAP were
24 unable to achieve a negotiated resolution of their dispute by
25 December 1, 2007, the Richmond Planning Commission would be
26 directed to hold a hearing for the revocation of the Permit
27
28  **COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.**              c:\antenna\comp

4

1  pursuant to Richmond Municipal Code section 15.04.990.020. Said
2  Code section authorizes the revocation of the Permit if issued "on
3  the basis of erroneous or misleading information,
4  misrepresentation, or fraud" or if "laws or regulations have been
5  violated" by reason of the issuance of the Permit. RAP advises
6  that a settlement with the named defendants and the owners of the
7  Water Street Property has not been achieved. On information and
8  belief, a revocation hearing will be held in early January, 2008.

9      9. On information and belief, informal requests have been
10 made by RAP on each of the named defendants and on the owners of
11 the Water Street Property for the production of documents
12 evidencing or reflecting the agreement between one or both of the
13 named defendants and the owners of the Water Street Property
14 relating to the Project, but these requests for documentation have
15 been rejected. On November 26, 2007, plaintiff by letter
16 attachment served an informal document request on the named
17 defendants requesting production of the aforesaid agreement along
18 with other documents reflecting communications between the named
19 defendants and either the City of Richmond or the owners of the
20 Water Street Property relating to the Project and documents
21 describing the intended and potential uses of the cell phone
22 antennae and other equipment installed in connection with the
23 Project. In accordance with plaintiff's letter and accompanying
24 document request, the filing of litigation was threatened in the
25 absence of a settlement with RAP by December 1, 2007, or the
26 production of the requested documents by December 4, 2007. The

27

28 **COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.**          c:\antenna\comp

5

1  named defendants have failed and refused to produce the requested
2  documents.

3       10.   Plaintiff, as an owner of property in the immediate
4  vicinity of the Water Street Property, is a member of a group
5  reasonably certain to suffer detriment as a proximate result of the
6  misrepresentations alleged in Paragraphs 7 and 8 above.

7       11. On information and belief, the misrepresentations alleged
8  in Paragraphs 7 and 8 above were made with knowledge of their
9  falsity and with the intent to deceive the City of Richmond and
10 neighboring property owners.  On information and belief, the City
11 of Richmond and neighboring property owners actually and
12 justifiably relied on these misrepresentations to their detriment.
13 The issuance of the Permit is detrimental to plaintiff's property
14 rights and health.

15      12.   As a direct and proximate result of the defendants'
16 intentional misrepresentations, plaintiff has suffered and will
17 continue to suffer substantial damages according to proof,
18 including the loss in the value of his residential property and, on
19 information and belief, adverse health consequences.

20      13.   The defendants' actions and conduct were fraudulent
21 within the meaning of Civil Code section 3294, thereby supporting
22 the imposition of punitive damages as the trier of fact may
23 determine.

24 ///
25 ///
26 ///
27
28 COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.          c:\antenna\comp

6

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

14.   Plaintiff hereby realleges and incorporates by reference as though fully set forth herein each of the allegations contained in Paragraphs 1 through 13 above.

15.   The misrepresentations alleged in Paragraphs 7 and 8 above were made by the defendants without a reasonable basis for believing that they were true.

16.   As a direct and proximate result of the defendants' negligent misrepresentations, plaintiff has suffered and will continue to suffer substantial damages according to proof, including the loss in the value of his property and, on information and belief, adverse health consequences.

## THIRD CAUSE OF ACTION
### (Civil Conspiracy to Defraud)

17.   Plaintiff hereby realleges and incorporates by reference as though fully set forth herein each of the allegations contained in Paragraphs 1 through 16 above.

18.   On information and belief, the named defendants and one or more of the DOE defendants have acted in concert and have aided, abetted, and civilly conspired with one another to defraud the City of Richmond and owners of property in the immediate vicinity of the Water Street Property by misrepresenting the Project as previously alleged.

///

COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.                    c:\antenna\comp

7

1    19. As a direct and proximate result of the defendants' civil

2   conspiracy to defraud, plaintiff has suffered and will continue to

3   suffer substantial damages according to proof, including the loss

4   in the value of his residential property and, on information and

5   belief, adverse health consequences.

6    20.   The defendants' actions and conduct were fraudulent,

7   malicious and oppressive within the meaning of Civil Code section

8   3294, thereby supporting the imposition of punitive damages as the

9   trier of fact may determine.

10    **WHEREFORE,** plaintiff prays for judgment against the

11   defendants, and against each of them, as follows:

12    1.  For general damages according to proof;

13    2.  For punitive damages as the trier of fact may determine;

14    3.  For costs of suit incurred herein; and

15    4.  For such other and further relief that the Court may deem

16   proper and just.

17

18   Dated: December 5, 2007

19                                   James S. Madow, Esq.

20                                   Plaintiff   In   Propria
                                     Persona
21

22

23

24

25

26

27

28   **COMPLAINT FOR DAMAGES FOR MISREPRESENTATION, ETC.**          c:\antenna\comp

8



**CONTRA COSTA COUNTY SUPERIOR COURT**
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.cc-courts.org/adr*

**MEDIATION**

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

**PRIVATE MEDIATION**

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

CV-655c/Rev. 05/2007

## JUDICIAL ARBITRATION (non-binding)
In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)
Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE
Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions.  All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION
In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

CV-655c/Rev. 05/2007

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

YOU ARE BEING SUED.  The packet you have been served should contain:

a.   The Summons
b.   The Complaint
c.   The Notice of Case Management (shows hearing date and time)
d.   Blank: Case Management Statement (Judicial Council Form CM-110)
e.   Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655e)

---

  **WHAT DO I DO NOW?**  

**You must:**

1.  **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2.  **Complete the** *Case Management Statement*  *(CM-110)*

3.  **File and serve your court papers on time**    Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4.  **Prove you served your court papers on time**     by having your server complete a *Proof of Service*, *(Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5.  **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6.  **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:** You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at:
www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1.  If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2.  If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3.  If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

> a.  For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).
>
> b.  For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).
>
> c.  Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #___ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

> a.  For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
>
> b.  For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1.  <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2.  <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3.  <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court)*;
4.  <u>Motion to Quash Service of Summons</u> *(you were not legally served)*;
5.  <u>Motion to Stay</u> *(put the case on hold)*; or
6.  <u>Motion to Dismiss</u> *(stops the case)*.

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:**   (925) 825-5700
- **Bay Area Legal Aid:**   (800) 551-5554
- **Contra Costa County Law Library**     Martinez: (925) 646- 2783       Richmond: (510) 374-3019
- **Ask the Law Librarian:**     www.247ref.org/portal/access_law3.cfm

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** (answer one):
    a. ☐ This statement is submitted by party (name):
    b. ☐ This statement is submitted jointly by parties (names):

2.  **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
    a.   The complaint was filed on (date):
    b. ☐ The cross-complaint, if any, was filed on (date):

3.  **Service** (to be answered by plaintiffs and cross-complainants only)
    a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b. ☐ The following parties named in the complaint or cross-complaint
        (1) ☐ have not been served (specify names and explain why not):

        (2) ☐ have been served but have not appeared and have not been dismissed (specify names):

        (3) ☐ have had a default entered against them (specify names):

    c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4.  **Description of case**
    a.   Type of case in ☐ complaint ☐ cross-complaint        (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):* .

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:
   e.   Fax number:
   f.   E-mail address:
   g.   Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

   a. ☐ The party or parties have completed all discovery.

   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

           Party                      Description                      Date

   c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

   Previous case management orders in this case are *(check one):* ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| _____ | ► | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| _____ | ► | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

                                                      ☐ Additional signatures are attached

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                              **Plaintiff(s)**
              vs.

_____

_____
                              **Defendant(s)**

***Stipulation and Order* to Attend ADR and Delay
*First Case Management Conference* 90 Days**

Case No.:_____    Date complaint filed: _____    First case management conference set for: _____

---

▸ **ALL PARTIES MUST SIGN THIS FORM** AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553

▸ THIS STIPULATION **MAY NOT** BE USED IN COMPLEX LITIGATION CASES

---

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

❑ Judicial mediation        ❑ Judicial arbitration        ❑ Neutral case evaluation

❑ Private mediation         ❑ Private arbitration

**COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:**

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

---

Counsel for Plaintiff *(print)* _____ | Fax _____        Counsel for Defendant *(print)* _____ | Fax _____

Signature _____        Signature _____

Counsel for Plaintiff *(print)* _____ | Fax _____        Counsel for Defendant *(print)* _____ | Fax _____

Signature _____        Signature _____

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, IT IS SO ORDERED that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) **Plaintiff's counsel must notify all parties of the case management conference.**

Dated: _____        _____
                                                                  ***Judge of the Superior Court***

---

SUPERIOR COURT - MARTINₑₑ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

JAMES MADOW VS. T MOBILE USA INC

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-02694

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  04/23/08      DEPT:  30      TIME:   8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                         SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  12/06/07          _____
                              C. JACALA, Deputy Clerk

# Proof of Service

I, Pamela J. Maiwandi, declare under penalty of perjury under the laws of the State of California that the following is true and correct:

I am employed in the City and County of San Francisco, State of California, in the office of a member of the bar of this court, at whose direction the service was made. I am over the age of eighteen (18) years, and not a party to or interested in the within-entitled action. I am an employee of DAVIS WRIGHT TREMAINE LLP, and my business address is 505 Montgomery Street, Suite 800, San Francisco, California 94111.

I caused to be served the following document:

**CIVIL COVER SHEET; DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441 (B) (DIVERSITY); DECLARATION OF SAM DAWOOD**

to be served on each person on the attached list by the following means:

I enclosed a true and correct copy of said document in an envelope and placed it for collection and mailing with the United States Post Office on December 10, 2007, following the ordinary business practice.
*(Indicated on the attached address list by an [M] next to the address.)*

☒ I enclosed a true and correct copy of said document in an envelope, and placed it for collection and mailing via Federal Express on December 21, 2007, for guaranteed delivery on December 24, 2007, following the ordinary business practice.
*(Indicated on the attached address list by an [FD] next to the address.)*

I consigned a true and correct copy of said document for facsimile transmission on
*(Indicated on the attached address list by an [F] next to the address.)*

I enclosed a true and correct copy of said document in an envelope, and consigned it for hand delivery by messenger on   .
*(Indicated on the attached address list by an [H] next to the address.)*

I am readily familiar with my firm's practice for collection and processing of correspondence for delivery in the manner indicated above, to wit, that correspondence will be deposited for collection in the above-described manner this same day in the ordinary course of business.

Executed on December 21 2007 at San Francisco, California.

Pamela J. Maiwandi

Proof of Service
Madow v. T-Mobile et al.

# Service List

| Key: | [M] Delivery by Mail | [FD] | Delivery by Federal Express | [H] Delivery by Hand |
|------|---------------------|------|----------------------------|----------------------|
|      | [F]  Delivery by Facsimile | [FM] | Delivery by Facsimile and Mail | |

[FD}    James S. Madow
        112 Washington Avenue,
        Suite 200
        Pt. Richmond, CA 94801
        Telephone:  510-215-2525